**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION**

| | | |
|---|---|---|
| KAYLA KSIAZKIEWICZ | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| v. | ) | Case No.: 4:25-cv-1623 |
| | ) | |
| WOODS BASEMENT SYSTEMS, INC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

<u>**COMPLAINT AND JURY DEMAND**</u>

COMES NOW, Kayla Ksiazkiewicz, by and through undersigned counsel, and for her Petition against Woods Basement Systems, Inc., for their violations under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), states to the Court as follows:

<u>**INTRODUCTION**</u>

1. The TCPA was enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. <u>Mims v. Arrow Fin. Servs., LLC</u>, 132 S. Ct. 740, 745 (2012).

2. Defendant, upon information and belief, makes auto-dialed calls to individuals across the country.

3. Unfortunately, Defendant does not obtain prior express written consent to place these autodialed telemarketing calls, does not abide by the FTC's do-not-call list, and does not maintain its own internal do-not-call list, and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. These autodialed calls placed by Defendant caused Plaintiff to suffer actual harm and legal injury. Plaintiff has suffered aggravation, invasion of privacy, nuisance due to receiving such calls. Plaintiff suffered from the diminished use, enjoyment, utility, and value of her telephone as these calls

interfered with her access to her cell and residential phones.

5.    The TCPA was enacted to protect consumers from unauthorized and unwanted autodialed calls exactly like the ones alleged in this case. See Mims v. Arrow Fin Servs., LLC, 132 S.Ct., 740, 745 (2012). Defendant placed these autodialed calls despite the fact that Plaintiff has been registered on the National No-Call list since 2012 and the Missouri No-Call List since January 1, 2025.

6.    Senator Hollings, the TCPA's sponsor, described these autodialed calls as "the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).

7.    By placing the autodialed calls at issue to individuals on both the FTC do-not-call registry and who should be on an internal do-not-call list, Defendant has violated the privacy and statutory rights of Plaintiff and caused her to suffer actual harm by subjecting her to the aggravation that necessarily accompanies the receipt of such repeated and unauthorized autodialed calls.

8.    Plaintiff therefore seeks an injunction requiring Defendant to stop using an autodialer to place telemarketing calls to telephones, to stop allowing phone calls to numbers on the FTC's do-not-call registry, and to maintain and abide by an internal do-not-call registry, as well as an award of actual and statutory damages, together with costs and reasonable attorneys' fees.

## PARTIES

9.    Plaintiff Kayla Ksiazkiewicz ("Plaintiff") is a resident of the State of Missouri.

10.    Defendant Woods Basement Systems, Inc. is a corporation organized in the state of Illinois with its principal place of business at 524 Vandalia St Collinsville, IL 62234-4041 and conducts business throughout this state and throughout the country.

## JURISDICTION AND VENUE

11.    This Court has personal jurisdiction over Defendant because Defendant frequently

transacts business in this state, has made contracts within this state, and/or have committed tortious acts within this state and otherwise has sufficient minimum contacts with the State of Missouri.

12.     Venue is proper because a substantial part of the events, actions, and omissions of Defendant, which give rise to the claims and subjects Defendant to liability for this auto-dialed calling campaign and failure to maintain an internal do-not-call list, occurred in this circuit.

13.     Plaintiff resides in this venue and received the at-issue calls while in this venue.

14.     Defendant Woods Basement Systems, Inc. is registered within the state of Missouri and has a registered agent named Mathis, Marifian, Richter, a Professional Corp., located at 230 S. Bemiston Ave., Suite 730 St. Louis, MO 63105.

15.     Plaintiff is an individual located in Foristell, Missouri.

16.     This Court has personal jurisdiction over Defendant because they have purposefully availed itself of this jurisdiction and specifically, this Circuit, as the events giving rise to this lawsuit occurred in and emanated from, in substantial part, this Circuit.

## TCPA BACKGROUND

17.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

18.     Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.

- - -

Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call…is the only effective means of protecting telephone consumers from this nuisance and privacy invasion. *Id.* § 2(10) and (12); *see also Mims*, 132 S. Ct. at 745.

## STANDING

19.     The TCPA, 47 USC 227(b)(3) confers a private right of action to any person an action based on violations of the statute.

## FACTUAL ALLEGATIONS

20.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

21.     Plaintiff has been on the Federal Trade Commission's National Do Not Call Registry before being contacted by Defendant.

22.     On or about August 2024, the specific date better known by Defendant Woods Basement Systems, Inc., Defendant Woods Basement Systems, Inc. began contacting plaintiff via telephone.

23.     Defendant Woods Basement Systems, Inc. called Plaintiff in an attempt to sell or otherwise coerce Plaintiff into engaging with Defendant Woods Basement Systems, Inc.

24.     Plaintiff called Woods Basement Systems, Inc. once for a basement estimate in July 2024, though did not purchase service or contact them again or give permission to be contacted.

25.     Plaintiff is the regular user, owner, and only individual assigned to the personal cell phone number which ends in 7294 and was the recipient of Defendants' phone calls to that number.

26.     Plaintiff's personal phone number, ending in 7294, is assigned to her cellular telephone service.

27.     Plaintiff's caller ID identified the calls from Defendant Woods Basement Systems, Inc. as being initiated from 618-346-2722, 618-346-2744, 618-344-2288, and from 618-346-2713, which

are, upon information and belief, "spoofed" phone numbers, or numbers that appears to be a legitimate phone number but is actually autodialed telemarketing calls from Defendant.

28. Any time one of these calls was answered, a click and pause occurred and then an individual would identify themselves as a representative for Woods Basement Systems, Inc. and attempt to sell Woods Basement Systems, Inc. products.

29. Plaintiff stated on numerous occasions that she was not interested, and that Woods Basement Systems, Inc., did not have the authority to contact her.

30. Plaintiff has received at least eleven (11) phone calls from Woods Basement Systems, Inc. which the Plaintiff did not consent to including the following dates:

31. Upon information and belief, Plaintiff has received in excess of eleven (11) phone calls from Woods Basement Systems, Inc. as to be determined in the discovery phase

32. Plaintiff has received at least thirty-four (34) text messages from Woods Basement Systems, Inc. which the Plaintiff did not consent.

33. In total, Plaintiff received at least forty-five (45) unsolicited communications from Defendant, including eleven (11) phone calls and thirty-four (34) text messages, between August 2024 and March 2025.

34. None of the text messages included a feature to "opt out" of the messaging.

35. Each of the text messages sent by Defendant contained substantially identical content, differing only in the name of the representative identified at the beginning of the message while the remainder of the message was identical in wording and substance across all communications.

36. Upon information and belief, some or all of the calls the Woods Basement Systems, Inc. made to the Plaintiff's telephone number were made using an "automatic telephone dialing system" which has the capacity to store and produce telephone numbers to be called, using a random

or sequential number generator or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1).

37.    Upon information and belief, some or all of these calls utilized an artificial and pre-recorded voice to deliver unsolicited information to Plaintiff.

38.    On several occasions, Plaintiff instructed Defendant's agents/representatives to stop calling her device.

39.    Even if Defendant believed it had consent to call Plaintiff, Plaintiff made clear that it did not have consent and should cease all calls.

40.    Despite clearly and unequivocally revoking any consent Defendant may have believed they had to call Plaintiff, Defendant continued to place automated calls to Plaintiff.

41.    Upon information and belief, Defendant's "systems" include an auto-dialer system and an internal Do Not Call List.

42.    Upon information and belief, Defendant continued to call individuals placed on the internal Do Not Call List despite consumer's requests to be placed on such a list.

43.    Each subsequent call Defendant made to Plaintiff's telephone was knowing and willful and done so without the express consent of Plaintiff.

44.    Defendant intentionally harassed and abused Plaintiff on numerous occasions by regularly calling several days in a row.

45.    Upon information and belief, Defendant Woods Basement Systems, Inc. has engaged in a business strategy that includes marketing through illegal telemarketing calls.

46.    Upon information and belief, Defendant Woods Basement Systems, Inc. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's line in this case.

47.     Not a single call placed by Defendant to Plaintiff was placed for "emergency purposes" as specified in 47 U.S.C. § 277(b)(1)(A).

48.     Defendant willfully and knowingly violated the TCPA with respect to Plaintiff.

49.     Each phone call placed by Defendant to the Plaintiff's phone without consent caused Plaintiff to suffer the injury of invasion of privacy and the intrusion upon her right of seclusion.

50.     Each phone call placed by Defendant to the Plaintiff's phone without consent caused Plaintiff to suffer the injury of unnecessary expenditures to her time. For the calls Plaintiff answered, the time spent on these calls was unnecessary as Plaintiff repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time silencing the call or waiting for the phone to stop ringing and Plaintiff had to waste time to check her voicemail. This also impaired the usefulness of Plaintiff's phone, which is designed to inform the user of important and legitimate missed communications.

51.     Each phone call placed by Defendant to the Plaintiff's phone without consent caused Plaintiff to suffer the injury of occupation of her phone line by unwanted calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's calls.

52.     Each phone call where a voice message was left by Defendant without the consent of the Plaintiff occupied space in Plaintiff's phone.

53.     Every phone call and text placed by Defendant without express consent to Plaintiff's phone resulted in injury of trespass to Plaintiff's chattel, namely her telephone.

54.     As a result of the calls described above, Plaintiff was affected in a personal and individualized way through stress, anxiety, nervousness, distress and aggravation.

55.     Woods Basement Systems, Inc.'s spam phone calls are a nuisance and annoyance to Plaintiff. The phone calls have invaded Plaintiff's privacy. The spam has diminished the value of Plaintiff's phone and Plaintiff's enjoyment of life.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*
### Autodial Violations

56.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

57.     The foregoing acts and omissions of the Defendant constitute violations of the TPCA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

58.     Defendant violated the TCPA by (a) initiating a telephone call using an automated dialing system to Plaintiff's cellular telephone number assigned to her, or (b) by the fact that others caused the initiation of those calls on its behalf. *See* C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

59.     The TCPA provides a private right of action, wherein a person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

a.  An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation.

b.  An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater; or

c.  Both such actions.

60.     The Court, in its discretion, may treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

61.     The TCPA is a strict liability statute and Defendant is liable to Plaintiff, even if its actions were only negligent.

62.     Defendant knew or should have known that: Plaintiff had not given express permission or invitation for Defendant or anyone else to initiate a telephone call using an automated dialing system to Plaintiff's telephone number to solicit information about Defendant.

63.    If the Court finds that Defendant knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (b) of this paragraph. 47 U.S.C. § 227(b)(3).

64.    Plaintiff is also entitled to and do seek injunctive relief prohibiting the Defendants' violation of the TCPA in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against the Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by the Defendant in the future;

b. As a result of the Defendant's willful and/or knowing violations of 47 U.S.C. § 227, Plaintiff seeks treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff seeks $500 in statutory damages for each and every call that violated the TCPA;

d. A declaration that Defendant's conduct violated the TCPA and that this action is just and proper;

e. An award of costs and such further relief as the Court may deem just and proper;

f. That this Court award pre-judgment and post-judgment interest at the statutory rate of 9%;

g. That this Court award Plaintiff's its attorney fees and all expenses incurred in preparing and prosecuting this claim; and

h. Such other relief as this Court may deem just and proper.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*
## Do Not Call Violations

65.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

66.    The foregoing acts and omissions of the Defendant constitute violations of the TPCA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

67.    Defendant violated the TCPA by failing to maintain reasonable procedures to place Plaintiff, and all others similarly situated, on their internal do not call list, as well to abide by its internal do not call list once individuals are placed on such a list.

68.    Defendant violated the TCPA by failing to abide by the national do not call registry, maintained by the federal government.

69.    The TCPA provides a private right of action, wherein a person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

a.    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation.

b.    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater; or

c.    Both such actions.

70.    The Court, in its discretion, may treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

71.    The TCPA is a strict liability statute and Defendants are liable to Plaintiff, individually, and on behalf of all others similarly situated, even if its actions were only negligent.

72.    Defendant called a residential telephone subscriber who had registered his telephone number on the national do-not-call registry of persons who do not wish to received telephone solicitations that is maintained by the Federal Government.

73.    If the Court finds that Defendant knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (b) of this paragraph. 47 U.S.C. § 227(b)(3).

74.    Plaintiff, and all others similarly situated, is also entitled to and do seek injunctive relief prohibiting the Defendant's violation of the TCPA in the future.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against the Defendant:

a.    Injunctive relief prohibiting such violations of the TCPA by the Defendant in the future;

b.    As a result of the Defendant's willful and/or knowing violations of 47 U.S.C. § 227, Plaintiff seeks treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA;

c.    As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff seeks $500 in statutory damages for each and every call that violated the TCPA;

d.    A declaration that Defendant's conduct violated the TCPA and that this action is just and proper;

e.    An award of costs and such further relief as the Court may deem just and proper;

   f.  That this Court award pre-judgment and post-judgment interest at the statutory rate of 9%;

   g.  That this Court award Plaintiffs' its attorney fees and all expenses incurred in preparing and prosecuting this claim; and

   h.  Such other relief as this Court may deem just and proper.

## **JURY DEMAND**

75. Plaintiff hereby demands a jury trial on all counts so triable.


Dated: October 31, 2025

          Respectfully Submitted,


          **HALVORSEN KLOTE DAVIS**
     By: /s/ Seid Music
          Seid Music, #76713
          680 Craig Road, Suite 104
          St. Louis, MO 63141
          P: (314) 451-1314
          F: (314) 787-4323
          seid@hkdlawstl.com
          joel@hkdlawstl.com
          *Attorney for Plaintiffs*