**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |
|---|---|
| KAYLA KSIAZKIEWICZ, <br><br> *Plaintiff,* <br><br> v. <br><br> WOODS BASEMENT SYSTEMS, INC., <br><br> *Defendant.* | No. 4:25-cv-1623-MAL |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Woods Basement Systems, Inc.'s motion to dismiss for failure to state a claim. (Doc. 17). For the following reasons, the motion is **GRANTED in part** and **DENIED in part**.

**I. Background**

Kayla Ksiazkiewicz is on the Federal Trade Commission's National Do Not Call Registry. (Doc. 10 ¶ 21). She called Woods Basement Systems, Inc. ("Woods") for a services quote, but she did not purchase anything or give Woods permission to contact her again. (*Id.* ¶ 24). Over the next eight months, Woods peppered Ksiazkiewicz with at least eleven sales calls and thirty-four marketing texts—even after being told to stop. (*Id.* ¶¶ 22–23, 31–35, 46).

Ksiazkiewicz sued Woods under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, alleging in her amended complaint that Woods committed "Autodial Violations" and "Do Not Call Violations" under the TCPA. (*Id.* at 9, 11). Woods now moves to dismiss Ksiazkiewicz' amended complaint for failure to state a claim. (Doc. 17).

1

## II. Legal Standard

In assessing Woods' motion to dismiss for failure to state a claim, the Court construes the amended complaint in the light most favorable to Ksiazkiewicz and determines whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Determining what is plausible is "a context-specific task" that requires the Court "to draw on its judicial experience and common sense." *Id.*

## III. Analysis

Ksiazkiewicz's amended complaint asserts two counts of TCPA violations against Woods.  Count I asserts a claim for Autodial violations, and Count II asserts a claim for do-not-call list violations.  (Doc. 10, ¶¶ 69–87).  The Court addresses the motion to dismiss each count in turn.

### A. Count I – Autodial Violations

Count I of Ksiazkiewicz' amended complaint alleges Woods violated the TCPA by using an Autodialer to call her cell phone.  (*Id.* ¶ 71) (citing 47 U.S.C. § 227(b)(1)).  Woods moves to dismiss this count because she fails to allege facts sufficient to show that Woods used an Autodialer within the meaning the TCPA. (Doc. 18 at 2–8).  The Court agrees and dismisses this claim.

In general, the TCPA makes it unlawful for anyone in the United States to make a call using an Autodialer without the consent of the recipient.  47 U.S.C. § 227(b)(1)(A).  An Autodialer is defined as "equipment which has the capacity to store or produce telephone numbers to be called, ***using a random or sequential number generator***; and to dial such numbers."  47 U.S.C. § 227(a)(1) (emphasis added).

As the Eight Circuit (and other circuits) have clarified, this means that an Autodialer must *actually generate* the phone numbers called.  *See Beal v. Outfield*

2

*Brew House*, LLC, 29 F.4th 391, 394 (8th Cir. 2022); *see also Borden v. eFinancial, LLC*, 53 F.4th 1230, 1233 (9th Cir. 2022). A "system which merely stores and dials phone numbers is not an Autodialer." *Beal*, 29 F.4th at 396 (relying on *Facebook, Inc. v. Duguid*, 592 U.S. 395, 403–04 (2021)). Thus, the TCPA's definition of an Autodialer excludes systems that merely automatically contact "potential customers who have voluntarily given a business their phone numbers." *Id.*

Here, Ksiazkiewicz has not alleged that Woods called her using an Autodialer that can generate phone numbers. While Ksazkiewicz makes several allegations consistent with automatic dialing, including repeated telemarketing communications over several months, (Doc. 10 ¶ 35), rotating or spoofed caller ID numbers, (*id.* ¶ 28), click-and-pause delays before live agents connected, (*id.* ¶ 29, 41), and repeated identical messages, (*id.* ¶ 38)—that is not enough to state a claim for Autodial violations under the TCPA. Ksiazkiewicz must allege facts that show Woods used a system that generates the phone numbers that are dialed, not just a system that automatically dials phone numbers it already has. *See Beal*, 29 F.4th at 394. Because Ksiazkiewicz fails to allege that, this claim must be dismissed.

None of Ksiazkiewicz's arguments to the contrary are persuasive. First, Ksiazkiewicz attempts to save this claim by arguing that the issue at this stage is just "whether [she] plausibly alleges automated dialing activity." (Doc. 25 at 3). That is wrong. As discussed above, to state a claim for using an Autodialer under the TCPA, Ksiazkiewicz must plausibly allege that Woods called her using a system that generates phone numbers. *See Beal*, 29 F.4th at 394. Merely alleging automated dialing is not enough. *Id.* at 396

Next, Ksiazkiewicz argues that this issue should not be decided on a motion to dismiss because it "seeks resolution of dialing technology issues at the pleading stage." (Doc. 25 at 3). But there is no factual dispute here. Ksiazkiewicz has simply failed to state a claim for Autodial violations because she has failed to plead facts that, if true, show that she was called with an Autodialer within the meaning of the TCPA. Such failure warrants dismissal of the claim. *See Borden*, 53 F.4th at 1232,

3

1236 (affirming district court dismissal of TCPA Autodial claim for failure to allege use of Autodialer that generates telephone numbers).

Finally, Ksiazkiewicz argues that her claim for violation of 47 U.S.C. § 227(b)(1)(A) should not be dismissed because it is separately supported by her allegations that Woods called her using an artificial or prerecorded voice. (Doc. 25 at 4–5); 47 U.S.C. § 227(b)(1)(A) (prohibiting both calls using automatic telephone dialing systems and artificial or prerecorded voices). It is true that the TCPA separately prohibits telemarketing calls made using an artificial or prerecorded voice absent prior express consent. 47 U.S.C. § 227(b)(1)(A)–(B); *Duguid*, 592 U.S. at 409 (2021). But Ksiazkiewicz's allegation that Woods used an artificial or prerecorded voice in calling her is a wholly conclusory, threadbare recital of an element of the claim. Nowhere in her amended complaint does she allege any facts that support this naked assertion (nor does she even attempt to point to one). Thus, Ksiazkiewicz fails to plausibly state a claim for relief under this theory of liability too. *See Iqbal*, 556 U.S. at 678. Accordingly, the Court dismisses Count I of the amended complaint.

## B. Count II

Count II of Ksiazkiewicz' amended complaint alleges Woods' repeated calls and texts violated the TCPA by failing to keep and abide by an internal do-not-call list and by failing to abide by the national do-not-call registry. (Doc. 10 ¶¶ 80–81). Woods moves to dismiss the claim regarding the national do-not-call list, arguing that it had "prior express invitation or permission" to call Ksiazkiewicz. (Doc. 18 at 8). The Court denies Woods' motion to dismiss this claim.

The claim at issue appears to be based on 47 C.F.R. § 64.1200(c), which prohibits making "any telephone solicitation" to someone on the national do-not-call list. 47 C.F.R. § 64.1200(c)(2). But calls to "any person with that person's prior express invitation or permission" or to "any person with whom the caller has an established business relationship" are permitted. 47 C.F.R. § 64.1200(f)(15).

Woods argues that Count II should be dismissed because Ksiazkiewicz initially contacted Woods regarding an estimate, thus providing "prior express invitation or

4

permission" and creating an established business relationship.  (Doc. 18, pp. 9–10).  But this argument fails because Ksiazkiewicz plausibly alleges that, to the extent an established business relationship was formed by her initial call for an estimate, the relationship was terminated when she repeatedly told Woods to stop contacting her.

A "seller-specific do-not-call request … terminates an established business relationship[.]"  47 C.F.R. § 64.1200(f)(5)(i).  And, as used in the relevant regulation, a "do-not-call request" is simply "a request … not to receive calls[.]"  47 C.F.R. § 64.1200(d)(3).  Thus, an established business relationship can be terminated by the recipient's request to terminate future communications.  *Id.*; *Elkins v. Medco Health Sols., Inc.*, No. 4:12CV2141 TIA, 2014 WL 1663406, at *8 (E.D.Mo. Apr. 25, 2014).

Here, the amended complaint alleges just that.  It alleges that: (1) Ksiazkiewicz repeatedly informed Woods that she was not interested in its services and that Woods lacked authority to contact her, (Doc. 10 ¶ 31); (2) Ksiazkiewicz instructed Woods several times to stop calling her, (*id.* ¶ 46); and (3) Ksiazkiewicz made it clear to Woods that she did not consent to continued contact and demanded that communications cease, (*id.* ¶ 47).  Despite that, Woods continued calling and texting her.  (*Id.* ¶ 48).[1]  Therefore, the Court denies Woods's motion to dismiss Count II.

In the alternative, Woods asks the Court to dismiss Count II to extent that it is based on text messages because Woods contends that the TCPA implementing regulations that provide for "do-not-call list" protections, 47 C.F.R. § 64.1200(c) and (d), do not apply to text messages.  (Doc. 18 at 10).  Not true.  The subsection immediately following these rules expressly states that they "are applicable to any person or entity making telephone solicitations or telemarketing calls or ***text messages*** . . ."  47 C.F.R. § 64.1200(e) (emphasis added).  Woods' motion to dismiss Count II on this basis is also denied.

---

[1] Woods' only response to this is that these allegations are insufficient to state a claim because Ksiazkiewicz does not plead exactly when her established business relationship with Woods (and her prior express consent) was revoked. (Doc. 26 at 3).  But Ksiazkiewicz does not need to prove a precise timeline of events at this early stage.  It is sufficient to allege that Woods contacted her sometime after the relationship was terminated.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Woods' motion to dismiss Ksiazkiewicz's amended complaint (Doc. 17) is **GRANTED in part** with respect to the claims in Count I and **DENIED in part** with respect to the claims in Count II.

**SO ORDERED,**

This 3rd day of August, 2026.

_____

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE